1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOARD OF TRUSTEES OF THE
LOCALS 302 AND 612 OF THE
INTERNATIONAL UNION OF
OPERATING ENGINEERS
CONSTUCTION INDUSTRY HEALTH
AND SECURITY FUND et al.,

               Plaintiffs,

     v.

RG CONSTRUCTION, INC.,

               Defendant.

CASE NO. 2:21-cv-01313-LK

ORDER DENYING MOTION FOR
DEFAULT JUDGMENT

     This matter comes before the Court on Plaintiffs' Motion for Default Judgment. Dkt. No. 14. They seek to recover unpaid employee benefit contributions from an employer who has not appeared or defended in this action. The Court denies the motion for the reasons set forth below.

## I.      BACKGROUND

     Plaintiffs Boards of Trustees of the Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security Fund, Locals 302 and 612 of the

International Union of Operating Engineers-Employers Construction Industry Retirement Fund, and Western Washington Operating Engineers-Employers Training Trust Fund (collectively, "the Trust Funds") are joint labor-management funds created pursuant to Section 302(c) of the Labor Management Relations Act, 29 U.S.C. § 186(c) ("LMRA"), and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*("ERISA"). Dkt. No. 1 at 2. The Trust Funds provide employee benefits including medical, dental, pension, apprenticeship, and training benefits to eligible employees covered by a collective bargaining agreement ("CBA"). Dkt. No. 15 at 2–3.

Defendant RG Construction, Inc. is a Washington corporation doing business in Washington. Dkt. No. 1 at 2. RG Construction is a signatory to the CBA, which incorporates by reference the trust agreements for the Trust Funds. *Id.* at 2–3. The trust agreements include a Health and Security Trust agreement, Dkt. No. 15 at 78–138, a Retirement Trust agreement, *id.* at 140–97, and a Training Trust agreement, *id.* at 199–221.

The CBA and trust agreements require RG Construction to make employee benefit contributions to the Trust Funds on behalf of RG Construction's employees working within with the jurisdiction of the CBA. Dkt. No. 1 at 3. RG Construction has employed workers for whom employee benefit contributions were due pursuant to the terms of the CBA and trust agreements. *Id.* The complaint alleges that RG Construction failed to make timely and full employee benefit contributions to the Trust Funds for October through December 2019, and that it owes the Trust Funds $14,374.85 in contributions for that time. *Id.* According to the Trust Funds, RG Construction also failed to make timely and full employee benefit contributions to the Trust Funds for March 2021 through "the present." *Id.* The complaint further alleges that under the terms of the trust agreements and CBA, and under federal statutory law, RG Construction is obligated to pay liquidated damages, interest, reasonable attorney's fees, and costs and expenses of suit. *Id.* Based on those allegations and the delinquent contributions, the Trust Funds bring a claim for violations

of ERISA, 29 U.S.C. §§ 1132, 1145. *Id.* at 2–4.

After RG Construction failed to appear, the Trust Funds moved for default, and the Clerk of the Court entered default on March 1, 2022. Dkt. Nos. 10, 12. The Trust Funds filed this motion for default judgment on April 28, 2022. Dkt. No. 14. However, the Trust Funds failed to show that they had properly served RG Construction, so the Court vacated the previously entered default. Dkt. No. 17 (citing Fed. R. Civ. P. 4; Wash. Rev. Code § 23.95.450(4)). The Trust Funds then moved for default again, providing additional evidence to show that they served RG Construction. Dkt. Nos. 18, 19. Based on the additional information and other evidence in the record, the Clerk of the Court entered default against RG Construction on July 28, 2022. Dkt. No. 20.

The Trust Funds then moved for reconsideration of their previously denied motion for default judgment. Dkt. No. 21. Because the Trust Funds did not show manifest error in the prior ruling, Dkt. No. 17, or new facts or legal authority that could not have been brought to the Court's attention earlier, the Court declined to reconsider its order. Dkt. No. 22 (citing LCR 7(h)). Nevertheless, the Court determined that it would exercise its discretion and consider the original motion for default judgment and the updated declaration (Dkt. Nos. 14–16, 19) in the interest of efficiency. Dkt. No. 22.

## II.    DISCUSSION

### A.    Subject Matter and Personal Jurisdiction

The Court has subject matter jurisdiction over the Trust Funds' claims pursuant to Sections 502 and 515 of ERISA. 29 U.S.C. § 1132(e)(1) ("Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title."); *id.* § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the

terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."); *Trs. of the Screen Actors Guild-Producers Pension & Health Plans v. NYCA, Inc.*, 572 F.3d 771, 776 (9th Cir. 2009) (explaining that Section 1145 provides a federal cause of action to enforce pre-existing obligations created by collective bargaining agreements). Trust funds, including the Plaintiffs in this case, can bring claims as fiduciaries under sections 1132 and 1145. *See, e.g.*, *Locals 302 & 612 of the Int'l Union of Operating Eng'rs Constr. Indus. Health & Sec. Fund v. Barry Civil Constr., Inc.*, No. C16-0404-JPD, 2016 WL 4528462, at *5–6 (W.D. Wash. Aug. 29, 2016) (granting the Trust Funds' motion for summary judgment on an ERISA claim for unpaid contributions); *Operating Eng'rs Health & Welfare Tr. Fund for N. Cal. v. Adam Moreno & Sons, Inc.*, No. 20-cv-09155-TSH, 2021 WL 8153587, at *7 (N.D. Cal. July 8, 2021), *report and recommendation adopted,* 2021 WL 8153573 (N.D. Cal. Aug. 16, 2021).

The Court also has personal jurisdiction over RG Construction. Personal jurisdiction over a defendant may be acquired by personal service on that defendant, *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992), so service on RG Construction was sufficient to establish personal jurisdiction over it. Dkt. No. 19 at 1–2.

**B.    Legal Standard**

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure. The Rule authorizes the Court to enter default judgment against a party that fails to appear or otherwise defend in an action. The court has discretion to grant or deny a motion for default judgment. *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 511–12 (9th Cir. 1986). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Courts may consider the following factors (the "*Eitel* factors") in deciding whether to grant a motion for default

judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72.

On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). However, the plaintiff must establish the relief to which it is entitled. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Accordingly, "necessary facts not contained in the pleadings, and the claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**C.    The Trust Funds Are Entitled to a Default Judgment**

After weighing all of the *Eitel* factors, the court finds that the second, third, fourth, fifth, and seventh factors weigh against default judgment. Although the first and sixth factors favor default judgment, on balance, the factors do not support default judgment against RG Construction at this time.

1.    <u>Factors Weighing Against Default Judgment</u>

The second, third, fourth, fifth, and seventh *Eitel* factors weigh against default judgment here.

There are unexplained inconsistencies between RG Construction's remittance reports and the calculations from the Trust Funds. For example, RG Construction's remittance reports do not match the Trust Fund's summary of amounts due in October 2019 and December 2019. *Compare* Dkt. No. 15 at 58, 60, *with id.* at 72–73. There are handwritten notes on Defendant's remittance

reports that may explain the differences. *See, e.g.*, *id.* at 58 ("Correct GR wage total – PK"). However, the Trust Funds do not make any attempt to explain the differences or show their work in arriving at different amounts than RG Construction. Although the handwritten notes are at times initialed "PK," indicating they may have been written by Ploy Kepner, Mr. Kepner's declaration does not address them. Indeed, his declaration contains some inconsistencies with the handwritten notes and the Trust Funds' summary. *Compare, e.g.*, *id.* at 3 (stating that "[f]or October through December 2019, RG Construction failed to make timely payment of its contributions," but mentioning nothing about incorrect calculations), *with id.* at 58, 60 (notes on remittance reports from October and December 2019 stating, "calculation errors based on hrs reported" and "totaled 947.50") *and id.* at 73 (seeking to collect sums, including interest and liquidated damages, based not only on late payments but also—apparently—miscalculated contribution amounts).[1] The Court declines to describe every shortcoming in the Trust Funds' submissions. The discrepancies among the remittance reports, Mr. Kepner's declaration, and the Trust Funds' summary suggest potential disputes over material facts, weighing against default judgment on *Eitel* factor five.

"These inconsistencies also cast doubt over the merits and sufficiency of the complaint, the sum of money at stake, and the validity of default judgment in this case when courts generally favor deciding cases on their merits—*Eitel* factors two, three, four, and seven." *Boards of Trustees of Locs. 302 & 612 of Int'l Union of Operating Engineers Constr. Indus. Health & Sec. Fund v. Donkey Hoof LLC*, No. 2:22-CV-00731-JHC, 2022 WL 17716443, at *2 (W.D. Wash. Dec. 15, 2022). As explained above, the Trust Funds are required to prove all damages sought in the

---

[1] The Court also notes that Mr. Kepner avers that his declaration is based on his personal knowledge, the declaration states that the summary of amounts due and owing—a crucial document—was "prepared by collection counsel," and does not indicate that Mr. Kepner reviewed and verified the amounts and calculations himself. *Id.* at 2, 4. And again, neither Mr. Kepner's declaration nor the summary explain the differences between the summary and the remittance reports or show the Trust Funds' work on the calculations in a manner sufficient to satisfy Local Civil Rule 55.

complaint, and the court must ensure that the amount of damages is reasonable and demonstrated by the evidence. Fed. R. Civ. P. 55(b); Fed. R. Civ. P. 8(b)(6); *TeleVideo*, 826 F.2d at 917–18.

To prevail on their claim, the Trust Funds must show (among other things) that RG Construction "failed to contribute in accordance with the plan." *Id.* at *3 (quoting *Bd. of Trustees of Sheet Metal Workers Health Care Plan of N. California v. Gervasio Env't Sys.*, No. C 03-04858 WHA, 2004 WL 1465719, at *1 (N.D. Cal. May 21, 2004)). RG Construction's remittance forms are the only documents in the record that identify the employees covered by the Trust Funds and confirm the number of hours they worked each month—key facts for Plaintiffs' claim that Defendant failed to contribute according to the CBA. *See* Dkt. No. 15 at 2 ("The contribution rate is set by the CBAs and is generally paid on an employee's behalf on a cents per hour worked basis."). Because these documents conflict with Plaintiffs' accounting of what Defendant owes under the CBA, Plaintiffs' claim is not presently sufficient.

In addition, the Trust Funds make little effort to explain their calculations of liquidated damages. Their motion cites the rate in the trust agreements and states that "the company was assessed with liquidated damages" without elaboration. Dkt. No. 14 at 8. But once again, neither Mr. Kepner's declaration nor the attached summary includes an explanation, only numbers. Dkt. No. 15 at 4; *id.* at 72–76. The Trust Funds must show their work; the Court will not carry their burden for them. *See, e.g.*, *Young v. Sundown Elec. Co.*, No. 3:14-CV-00729-HZ, 2014 WL 4639881, at *2 (D. Or. Sept. 16, 2014) (declining to award plaintiffs liquidated damages and interest where "[p]laintiffs attach[ed] a spreadsheet, but provide[ed] no explanation of how any of the requested sums were calculated"); *Dynascan Tech., Inc. v. Plasmedia Prods., Inc.*, No. SACV09-00587-CJC(MLGx), 2010 WL 11523712, at *3 (C.D. Cal. Sept. 23, 2010) (declining to award contract damages or prejudgment interest where plaintiff "failed to adequately tabulate these

1    amounts or 'show their work' as to how final damages should be calculated"). The second and

2    third *Eitel* factors weigh against default judgment.

3         The fourth *Eitel* factor "considers whether the amount of money requested is proportional

4    to the harm caused." *Sun Life Assurance Co. of Canada v. Estate of Wheeler*, No. C19-0364JLR,

5    2020 WL 433352, at *4 (W.D. Wash. Jan. 28, 2020). Plaintiffs request a total of $53,792.99 on

6    default judgment, including large sums for unpaid contributions, liquidated damages, and interest.

7    Dkt. No. 14 at 9. Though these categories of awards are authorized under Section 502 of ERISA

8    and the CBA, Plaintiffs request a significant amount. *Donkey Hoof LLC*, 2022 WL 17716443, at

9    *3. The discrepancies between the amount requested and the documents that provide key

10   information for the calculation of that amount create doubt as to whether it is proportional to the

11   harm Defendant caused. *See id.* This factor weighs against default judgment.

12        The seventh *Eitel* factor, favoring deciding cases on their merits whenever reasonably

13   possible, likewise weighs against default judgment. *Eitel*, 782 F.2d at 1472.

14        2.    Factors Favoring Default Judgment

15        The first and sixth factors support default judgment in this case.

16        "[P]rejudice exists where the plaintiff has no recourse for recovery other than default

17   judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014)

18   (citation and internal quotation marks omitted). Defendant has failed to respond to this action, so

19   default judgment is the Trust Funds' only means for recovery. *See Eve Nevada, LLC v. Derbyshire*,

20   No. 21-0251-LK, 2022 WL 279030, at *3 (W.D. Wash. Jan. 31, 2022). Thus, the first *Eitel* factor

21   supports default judgment.

22        Turning to the sixth *Eitel* factor, the record contains no indication that Defendant's default

23   was due to excusable neglect. Defendant has been served and given sufficient notice of this action.

24

Because there is no evidence of excusable neglect, this *Eitel* factor favors the entry of a default judgment. *Id.* at *4.

### III.    CONCLUSION

On balance, five of the seven *Eitel* factors do not support default judgment and outweigh the two factors that favor it. The Trust Funds' motion for default judgment, Dkt. No. 14, is accordingly DENIED without prejudice. If the Trust Funds wish to file an amended motion, they may do so within 30 days of the date of this Order. Such motion must comply with applicable rules and law, including but not limited to this Court's Updated Standing Order for All Civil Cases, and the Trust Funds may not seek attorney's fees for their work on the amended motion. Dkt. No. 23 at 10 (the Court "will not award fees incurred as a result of . . . correcting mistakes").

Dated this 31st day of March, 2023.

Lauren King
United States District Judge